Hamza Ma'ayergi
Ma'ayergi & Associates, LLC
60 Long Ridge Road - Suite 200
Stamford, Connecticut 06902

Lee Seham
Lucas K. Middlebrook
Nicholas P. Granath
Susan T. Edwards
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
(914) 997-1346

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT
-------------------------------------------------------------x

FELIX DELGADO and MARIO ESTUARDO
PENA

                        Plaintiffs,

v.

LE FIGARO BISTRO DE PARIS d/b/a LE FIGARO
BISTRO DE PARIS, TOSCANA RISTORANTE and,
as individuals, PAUL ARDAJI, SR., PAUL ARDAJI, JR.,
MARAJ SMITH (LNU), and JOHN DOES 1-3

                        Defendants.
-------------------------------------------------------------x

Civil Action No.

COMPLAINT
(Jury Trial Demanded)

      Plaintiffs Felix Delgado and Mario Estuardo Pena, by their attorneys, Seham, Seham, Meltz & Petersen LLP, as and for their Complaint state as follows:

## NATURE OF THE CASE

1. Plaintiff Felix Delgado brings this action to recover from Defendants unpaid wages and overtime compensation in the approximate amount of $4,050 and, an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act"). Plaintiff Felix Delgado also seeks to recover unpaid wages and overtime compensation in the approximate amount of $4,050, and an equal amount of liquidated damages, and a reasonable attorney's fee under the Connecticut General Statutes §§31-58 et. seq.

2. Plaintiff Mario Estuardo Pena brings this action to recover from Defendants unpaid wages and overtime compensation in the approximate amount of $5,912 and an additional equal amount of liquidated damages and a reasonable attorney's fee, pursuant to Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act"). Plaintiff Mario Estuardo Pena also seeks to recover unpaid wages and overtime compensation in the approximate amount of $5,912, and an equal amount of liquidated damages, and a reasonable attorney's fee under the Connecticut General Statutes §§31-58 et. seq.

## PARTIES

3. Plaintiffs are individuals who, at all material times referenced herein, worked in the State of Connecticut and resided in New York State.

4. Upon information and belief, Defendant Le Figaro Bistro de Paris ("Defendant Figaro") is a sole proprietorship doing business in the State of Connecticut and headquartered at 372 Greenwich Ave, Greenwich, CT 06830.

5. Upon information and belief, Defendant Toscana Ristorante ("Defendant Toscana") is a sole proprietorship doing business in the State of Connecticut and headquartered at 33 Lewis Street, Greenwich, CT 06830.

6. Upon information and belief, Paul Ardaji, Sr. ("Defendant Ardaji, Sr.") is a resident of Connecticut. Upon information and belief, Defendant Ardaji, Sr. is a part-owner and manager of Defendants Figaro and Toscana and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendants Figaro and Toscana in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

7. Upon information and belief, Paul Ardaji, Jr. ("Defendant Ardaji, Jr.") is a resident of Connecticut. Upon information and belief, Defendant Ardaji, Jr. is a part-owner and manager of Defendants Figaro and Toscana and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendants Figaro and Toscana in relation to said employees, and was thus an employer of said employees, including Plaintiffs within the meaning of section 203(d) of the Act.

8. Upon information and belief, Maraj Smith (LNU) ("Defendant Maraj") is a resident of Connecticut. Upon information and belief, Maraj is a manager of Defendant Figaro and Toscana and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant Figaro in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

9. Upon information and belief, John Doe 1 ("Defendant Doe 1") is a resident of Connecticut. Upon information and belief, Defendant Doe 1 is a manager of Defendant Figaro and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant Figaro in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

10. Upon information and belief, John Doe 2 ("Defendant Doe 2") is resident of Connecticut. Upon information and belief, Defendant Doe 2 is a manager of Defendant Toscana and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant Toscana in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

11. Upon information and belief, John Doe 3 ("Defendant Doe 3") is resident of Connecticut. Upon information and belief, Defendant Doe 3 is another manager of Defendant Toscana and was, at all times, in active control and management of said business, regulated the employment of all persons employed by said business, acted directly and indirectly in the interest of the Defendant Toscana in relation to said employees, and was thus an employer of said employees, including Plaintiffs, within the meaning of section 203(d) of the Act.

**JURISDICTION AND VENUE**

12. Jurisdiction is conferred on the Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy, by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil

actions arising under the …laws…of the United States," and by section 16(b) of the Act (29 U.S.C. §216(b)). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13.   Venue in this Court is proper under 28 U.S.C. § 1391.

## BACKGROUND
### (Defendants' Failure to Pay Plaintiffs Wages and Overtime Compensation)

14.   At all times relevant to this Complaint, Defendants were employers of Plaintiffs within the definition of the Fair Labor Standards Act of 1938, §§ 3, 29 U.S.C. § 203(d) and Connecticut General Statutes §31-58(e) and 37-71a(1), and Plaintiffs were, at all times relevant to this Complaint, employees of Defendants within the definition of FLSA § 203(e)(1), and Connecticut General Statutes §31-58(f) and 31-71a(2).

15.   Defendants operated an enterprise which was engaged in commerce within the meaning of said section of the Act. Said enterprise, at all times hereinafter mentioned, had an annual gross volume of sales made or business done in an amount not less than $500,000.00 each. Therefore, the Plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act, as amended, 103 Stat. 938, Pub. L. 101-157.

16.   At all times herein set forth the Defendants engaged in restaurant and food service activity in the State of Connecticut.

17.   At all times herein set forth Defendants jointly employed Plaintiff Delgado as a cook and Plaintiff Pena as a manual laborer.

**Allegations Particular to Felix Delgado**

18. For a period of thirty (30) weeks between April, 2009, until September, 2009, Plaintiff Felix Delgado's actual average work week from Monday through Sunday was a minimum of fifty-four (54) hours per week.

19. Plaintiff Felix Delgado and Defendants agreed to an hourly wage of $11.00 per hour.

20. During the above-reference period, Plaintiff Felix Delgado's employment, Defendants employed Plaintiff, as aforesaid, and failed and refused to compensate Plaintiff Felix Delgado for such employment in excess of forty (40) hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which he was employed, as required by the federal Fair Labor Standards Act and the State of Connecticut's wage payment law.

21. During the entire period of Plaintiff Felix Delgado's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

22. Defendants also failed to pay Plaintiff Delgado for approximately $1,740 in straight time compensation.

**Allegations Particular to Mario Estuardo Pena**

23. For a period of fourteen (14) weeks in 2009, Plaintiff Mario Estuardo Pena's actual average work week was approximately a minimum of sixty-six (66) hours per week.

24. Plaintiff Mario Estuardo Pena was entitled to at least the Connecticut minimum wage rate for all hours worked.

25. During the above-reference period, Plaintiff Mario Estuardo Pena's employment, Defendants employed Plaintiff, as aforesaid, and failed and refused to compensate Plaintiff Mario

Estuardo Pena for such employment in excess of forty (40) hours in such work weeks at rates not less than one and one-half (1½) times the regular rates at which he was employed, as required by the federal Fair Labor Standards Act and the State of Connecticut's wage payment law.

26. During the entire period of Plaintiff Mario Estuardo Pena's employment, the Defendants engaged in willful violation of overtime payment requirements of the Act as that term is employed in 29 U.S.C. § 255(a).

27. Defendants also failed to pay Plaintiff Mario Estuardo Pena for approximately $3,000 in straight time compensation.

## FIRST CAUSE OF ACTION
### (Plaintiffs' Federal Law Overtime and Minimum Wage Claims)

28. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1-27 of this Complaint.

29. During his employment with the Defendants, the Defendants willfully failed to pay Plaintiff Felix Delgado overtime wages due under the Act.

30. During his employment with the Defendants, the Defendants willfully failed to pay Plaintiff Felix Delgado minimum wages due under the Act.

31. During his employment with the Defendants, the Defendants willfully failed to pay Plaintiff Mario Estuardo Pena overtime wages due under the Act.

32. During the period of his employment with the Defendants, the Defendants willfully failed to pay Plaintiff Mario Estuardo Pena minimum wages due under the Act.

33. The Defendants' failure to pay overtime and minimum wage rates to Plaintiff Felix Delgado constituted a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§207, 216, as a result of which there is due and owing from the Defendants to

Plaintiff Felix Delgado approximately $4,050 in back wages plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Felix Delgado's reasonable attorney's fees.

34. The Defendants' failure to pay overtime and minimum wage rates to Plaintiff Mario Estuardo Pena constituted a violation under the provisions of the Fair Labor Standards Act as provided in 29 U.S.C. §§207, 216, as a result of which there is due and owing from the Defendants to Plaintiff Mario Estuardo Pena approximately $5,912 in back wages plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Mario Estuardo Pena's reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Plaintiffs' State Law Wage Claims)

35. Plaintiffs incorporate by reference, as if fully set forth herein, paragraphs 1-34 of this Complaint.

36. During the period of his employment, the Defendants willfully failed to pay Plaintiff Felix Delgado wages due under the State of Connecticut's wage and overtime laws.

37. During the period of his employment, the Defendants willfully failed to pay Plaintiff Mario Estuardo Pena wages due under the State of Connecticut's wage and overtime laws.

38. The Defendants' failure to pay wages constitutes a violation of Connecticut General Statutes §§31-58 *et seq.*, as a result of which there is due and owing from the Defendants to Plaintiff Felix Delgado, as compensation for unpaid minimum wages and overtime compensation, approximately, $4,050 plus an additional equal amount as liquidated damages.

An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Felix Delgado's reasonable attorney's fees.

39. The Defendants' failure to pay wages constitutes a violation of Connecticut General Statutes §§31-58 *et seq.*, as a result of which there is due and owing from the Defendants to Plaintiff Mario Estuardo Pena, as compensation for unpaid minimum wages and overtime compensation, approximately, $5,912 plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff Felix Delgado's reasonable attorney's fees.

**WHEREFORE**, cause having been shown, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order for damages to be awarded to Plaintiff Felix Delgado, pursuant to the Fair Labor Standards Act, in the amount of $4,050 for unpaid overtime compensation for unpaid minimum wages and for an additional equal amount as liquidated damages.

2. For an Order for damages to be awarded to Plaintiff Felix Delgado, pursuant to the State of Connecticut's labor law, in the amount of $4,050 for unpaid wages and overtime compensation and for an additional amount equal to minimum wage as liquidated damages.

3. For an Order for damages to be awarded to Plaintiff Mario Estuardo Pena, pursuant to the Fair Labor Standards Act, in the amount of $5,912 for unpaid overtime compensation and for an additional equal amount as liquidated damages.

4. For an Order for damages to be awarded to Plaintiff Mario Estuardo Pena, pursuant to the State of Connecticut's labor law, in the amount of $5,912 for unpaid wages and overtime

compensation and for an additional amount equal to minimum wage as liquidated damages.

5.  For an Order awarding the Plaintiffs the costs of this action, including payment of reasonable attorney's fees.

6.  For an Order awarding Plaintiffs interest on any of the above amounts running on unpaid wages illegally withheld.

7.  Grant to Plaintiffs punitive damages calculated to be sufficient to deter such misconduct in the future.

8.  Grant such additional relief as the Court deems proper and just.

Pursuant to Fed. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury as to all claims to which they are entitled.

Stamford, Connecticut
January 4, 2010

                                                   **/s/ Hamza Ma'ayergi**
Hamza Ma'ayergi
Juris No: CT 17159
Ma'ayergi & Associates, LLC
60 Long Ridge Road - Suite 200
Stamford, Connecticut 06902
Tel: (203) 569-1180 Fax: (203) 569-1182
Email: hmaayergi@maesquire.com

Lee Seham (*pro hac vice pending*)
Lucas K. Middlebrook (*pro hac vice pending*)
Nicholas P. Granath (*pro hac vice pending*)
Susan T. Edwards
SEHAM, SEHAM, MELTZ & PETERSEN, LLP
445 Hamilton Avenue, Suite 1204
White Plains, New York 10601
Tel: (914) 997-1346 Fax: (914) 997-7125
ssmpls@aol.com
lmiddlebrook@ssmplaw.com
ngranath@ssmplaw.com
sedwards@ssmplaw.com